IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SADIE WHITE, et al.,

                Plaintiffs,

v.                                CIVIL ACTION NO.   2:12-cv-00384

ALLY FINANCIAL INC., et al.,

                Defendants.


**MEMORANDUM OPINION AND ORDER**

Pending before this court is the plaintiff's Motion to Strike Defendant West Asset Management, Inc.'s Offer of Judgment [Docket 15].   This motion has been fully briefed by both parties and the matter is now ripe for review.   For the reasons discussed below, the plaintiff's Motion is **DENIED**.

**I.**      **Background**

This action arises out of the defendants' allegedly unlawful debt collection practices.   The defendants were involved in collecting outstanding debts owed by the decedent Jessie White, the plaintiff Sadie White's late husband.   According to the plaintiff, the defendants violated West Virginia debt collection and probate laws by circumventing the probate process in an attempt to collect debts owed by the decedent's estate.   The Complaint alleges that the defendants contacted the plaintiff directly and engaged in self-help rather than filing a notice of claim in the decedent's probate proceedings.   White brought this action individually, as administratrix of her late

1

husband's estate, and on behalf of a putative class of persons from whom the defendants similarly tried to collect debts in violation of the West Virginia Consumer Credit Protection Act ("WVCCPA") and West Virginia law.   This action was removed from state court by the defendant West Asset Management ("West"), a Delaware corporation.

The instant motion arises out of an offer of judgment made on May 21, 2012, by West pursuant to Rule 68 of the Federal Rules of Civil Procedure.   West offered the plaintiff the full amount of statutory penalties available under the WVCCPA plus costs and attorney fees.   No recovery was offered for the plaintiff's claim for actual damages under the WVCCPA or for her other state law claims.   In response, White filed this Motion to Strike Defendant West Asset Management, Inc.'s Offer of Judgment [Docket 15], claiming that this offer was an improper use of Rule 68.   According to the plaintiff, this offer was intended to thwart the class claims.   She argues that the offer should be stricken in order to avoid placing the class representative in the untenable position of choosing between her own personal interest and the interest of the putative class she seeks to represent.   West has filed a Memorandum in Opposition to this Motion [Docket 17] and the plaintiff has replied [Docket 18].   This matter is now ripe for review.

## II.     Subject Matter Jurisdiction

In its Memorandum in Opposition to the Plaintiff's Motion to Strike [Docket 17], West argues that its offer provides full relief and renders the plaintiff's claims against West moot.   This argument calls the court's subject matter jurisdiction over this case into question.   A court must investigate the subject matter jurisdiction of a case whenever that jurisdiction is "fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009).   When "the parties lack a legally cognizable interest in the outcome" of a case, that case becomes moot and a court no longer has subject matter

jurisdiction to hear it. *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011) (quoting *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008)); *see also* U.S. CONST. art. 3, § 1. Although Rule 68 does not normally permit parties to submit evidence of an unaccepted offer except to prove costs, a Rule 68 offer can be used to show that a court lacks subject matter jurisdiction in the Fourth Circuit. *See, e.g., Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012); *see also O'Brien v. Ed Donnelly Enter. Inc.*, 575 F.3d 567, 574 (6th Cir. 2009) (citing *Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999); *Drs. Hill & Thomas Co. v. United States*, 392 F.2d 204 (6th Cir. 1968)). If a "Rule 68 offer of judgment unequivocally offers a plaintiff all of the relief she sought to obtain, [then] the offer renders the plaintiff's action moot." *Warren*, 676 F.3d at 371 (internal quotation and citation omitted).

For a Rule 68 offer to moot a plaintiff's action it "must specify a definite sum or other relief for which judgment may be entered and must be unconditional." *Simmons*, 634 F.3d at 764. In addition, full recovery must be offered for all recoverable claims brought by the plaintiff. *See, e.g., Warren*, 676 F.3d at 371. As the First Circuit has observed, "the possibility of even a partial remedy is sufficient to prevent a case from being moot." *Parella v. Ret. Bd. of R.I. Emps.' Ret. Sys.*, 173 F.3d 46, 57 (1st Cir. 1999).

It is important to note that West's offer has not been filed with this court. Usually challenges to subject matter jurisdiction based on Rule 68 offers of judgment are raised in motions to dismiss and the offer at issue is attached as an exhibit or otherwise excerpted in the motion. *See, e.g., O'Brien*, 575 F.3d at 573. In this case, however, the challenge to subject matter jurisdiction was raised in West's response to the plaintiff's Motion to Strike. West chose not to

3

file its offer of judgment with this court in any form.   Therefore, the offer of judgment that
supposedly moots this case does not appear in the record.   Where a party "goes beyond the
allegations in the complaint and challenges the facts upon which subject matter jurisdiction
depends," however, "[a] court must look beyond the complaint and has wide discretion" to
consider outside documents and even outside testimony.   *Paper, Allied-Indus., Chem. & Energy
Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005); *see also Corrie
v. Caterpillar, Inc.*, 503 F.3d 974, 977 n.1 (9th Cir. 2007).   Because there is no disagreement
between the parties as to the contents of West's Rule 68 offer, I will consider the terms of the offer
as described in West's Memorandum in Opposition to the Plaintiff's Motion to Strike [Docket 17]
in resolving the jurisdictional issue.

The plaintiff seeks various remedies for West's alleged violation of the WVCCPA.   West
offered the maximum statutory penalty of $1,000 for each of 23 alleged violations, adjusted for
inflation from September 1, 1974.   *See* W. VA. CODE § 46A-5-101.   West also offered to pay
costs and attorneys' fees as determined by this court.   Although no definite sum was set for these
fees and costs in the offer, the Fourth Circuit has held that a plaintiff has been offered full relief
with regard to attorneys' fees when a defendant has offered to pay reasonable attorneys' fees as
determined by a district court.   *See Simmons*, 634 F.3d at 767 n.8.

Although West's offer provides the maximum statutory damages plus costs and attorneys'
fees, it fails to provide for any actual damages suffered by the plaintiff.   The WVCCPA states that
violations of its provisions give rise to "a cause of action to recover actual damages" in addition to
the statutory penalty.   W. VA. CODE § 46A-5-101(1).   As the Fourth Circuit recently observed,
"at this stage of the proceedings, before any evidentiary hearing or judicial fact finding . . . , we

4

simply cannot hold that [the plaintiff] could not possibly recover" some award for actual damages. *Warren*, 676 F.3d at 372. There is at least a possibility of recovery for actual damages that preserves the plaintiff's legal interest in the outcome of this case. *See Parella*, 173 F.3d at 57. For this reason, West's offer does not provide the plaintiff with full recovery and therefore does not moot the plaintiff's action and this court retains subject matter jurisdiction over the case. *See Warren*, 676 F.3d at 372.

### III.    Motion to Strike

The plaintiff asks this court to strike West's Rule 68 offer of judgment pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Rule 68 permits a defendant, at least fourteen days before trial, to make an offer of judgment. FED. R. CIV. P. 68. If the plaintiff does not accept such an offer and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." *Id.* Rule 68 also provides that, "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs." *Id.* This Rule is designed "to encourage settlement and avoid litigation." *Marek v. Chesny*, 473 U.S. 1, 5 (1985).

The plaintiff argues that Rule 68 offers of judgment are improper in the context of Rule 23 class actions and that such offers should be stricken to prevent defendants from "picking off" named plaintiffs seeking to certify a class. None of the plaintiff's arguments, however, address the fatal flaw in this Motion: there is nothing to strike in the record of this case. Nothing in the Federal Rules of Civil Procedure allows a court to strike a document that has not been filed with

the court.   While it is well established that courts can consider materials that do not appear in the record in the context of a challenge to subject matter jurisdiction, *see Paper*, 428 F.3d at 1292, it is equally well established that courts cannot strike such materials.   *See, e.g.*, *McDowall v. Cogan*, 216 F.R.D. 46, 52 (E.D.N.Y. 2003) ("[T]here is nothing to strike here, as an offer of judgment is not filed with the court until accepted or until offered by a [defendant] to prove costs.").   With nothing to strike, the issue of whether a Rule 68 offer is appropriate in the context of Rule 23 is not ripe.   *See Mey v. Monitronics In'l, Inc.*, No. 5:11-cv-90, 2012 WL 983766, at *5 (N.D. W. Va. Mar. 22, 2012); *Stovall v. SunTrust Mortg., Inc.*, No. RDB-10-2836, 2011 WL 4402680, at *5 (D. Md. Sept. 20, 2011); *Buechler v. Keyco, Inc.*, No. WDQ-09-2948, 2010 WL 1664226, at *3 (D. Md. Apr. 22, 2010).

The plaintiff cites several district courts that have granted motions to strike in factually similar cases.   *See, e.g.*, *Johnson v. U.S. Bank Nat'l Ass'n*, 276 F.R.D. 330, 336 (D. Minn. 2011); *Boles v. Moss Codilis, LLP*, No. SA-10-CV-1003-XR, 2011 WL 4345289, at *4 (W.D. Tex. Sept. 15, 2011); *Stewart v. Cheek & Zeehandler, LLP*, 252 F.R.D. 384, 387 (S.D. Ohio 2008); *Zeigenfuse v. Apex Asset Mgmt., LLC*, 239 F.R.D. 400, 403 (E.D. Pa. 2006).   These courts take issue with Rule 68's cost-shifting provision and find that it is unjust to penalize a putative class representative for choosing to move forward with the certification process rather than accepting an offer of judgment on individual claims.   While this court acknowledges this apparent conflict, none of the cited cases convince me that there are compelling reasons to strike a matter that is not a part of the record and indeed cannot properly be admitted to the record except in a proceeding to determine costs.   FED. R. CIV. P. 68(b).

In *Johnson*, the court found that "Rule 12(f) does not exclude motions to strike for other

reasons" and that "a motion to strike the offer of judgment is an appropriate procedural mechanism . . . consistent with the purpose of Rule 23." *Johnson*, 276 F.R.D. at 336.   I find this reasoning unconvincing.   In *Zeigenfuse*, the court concluded "that the offer of judgment must . . . be stricken to prevent it from undermining the use of the class action device." *Zeigenfuse*, 239 F.R.D. at 403. This does little more than reiterate the apparent conflict between two of the Federal Rules of Civil Procedure.   Recognizing the existence of a problem does not, without more, give me the authority to craft a solution.   Accordingly, the plaintiff's Motion to Strike is **DENIED**.

### IV.    Conclusion

For the reasons discussed above the plaintiff's Motion to Strike Defendant West Asset Management, Inc.'s Offer of Judgment [Docket 15] is **DENIED**.   The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.   The court further **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, *www.wvsd.uscourts.gov*.

ENTER:          July 20, 2012

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE