IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SADIE WHITE, et al.,

                Plaintiffs,

v.                                                   CIVIL ACTION NO.  2:12-cv-00384

ALLY FINANCIAL INC., et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are defendant West Asset Management's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Docket 24] and Motion to Stay [Docket 26]. These motions have been fully briefed by both parties and the matters are ripe for review. As discussed below, this court **HOLDS** today that an offer of judgment under Federal Rule of Civil Procedure 68 that affords a named plaintiff in a putative class action complete relief and is made prior to a motion for class certification does not moot the putative class action, as long as the motion for class certification is ultimately timely filed. The United States Supreme Court has held that a named plaintiff has an interest in obtaining a final decision on class certification, separate and distinct from his or her interest in obtaining a final decision on the merits, and sufficient for a federal court to maintain jurisdiction over the case. If such an interest exists, then it must exist at the time the named plaintiff files his or her class action complaint.

Accordingly, the defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Docket 24] is **DENIED**. Moreover, because the court **FINDS** that the factors set forth in *Landis v. North Am. Co.*, 299 U.S. 248 (1936) do not weigh in favor of granting a stay, the defendant's

1

Motion to Stay [Docket 26] is also **DENIED**.

I.   **Background and Procedural History**[1]

This action arises out of the defendants' allegedly unlawful debt collection practices. In November 2006, Jessie Dale White (the "decedent") purchased a vehicle, financed through GMAC, Inc., now Ally Financial, Inc. ("Ally"). The decedent passed away on September 3, 2008, and his wife, the plaintiff Sadie White, was appointed Administratrix of the Estate of Jessie D. White. Because the decedent was the sole accountholder for the loan on the vehicle, any debt would be owed solely by his estate. After the decedent's death, defendant Ally allegedly repossessed the vehicle and sold it, resulting in a deficiency balance of $7,200.45. Subsequently, Ally hired defendant West Asset Management, Inc. ("West") to collect the debt. From July through December 2009, when Ally recalled the account, West allegedly placed 21 calls and sent 2 letters contacting the plaintiff directly.

On February 25, 2010, the plaintiff filed her original Complaint in the Circuit Court of Boone County, West Virginia. On January 11, 2012, the plaintiff filed her Second Amended Complaint, naming Ally and West as defendants and including for the first time class allegations against both defendants.[2] The Second Amended Complaint sets forth four class action counts: (1) violation of the West Virginia Consumer Credit and Protection Act ("WVCCPA"); (2) negligent and reckless misconduct; (3) the tort of outrage; and (4) unjust enrichment. In the class action counts, the plaintiff essentially alleges that both defendants contacted her, and all others similarly situated, directly rather than submitting claims for debts in the probate estates as required by law. The complaint also set forth a fifth individual count, alleging violations of the WVCCPA when

---

[1]   In this section, I refer to each defendant by name, as there are multiple defendants in the suit. However, the remainder of this opinion will refer only to "the defendant," meaning defendant West, as it is the only defendant bringing the instant motions.

[2]   The Second Amended Complaint also originally named Boone Memorial Hospital as a defendant, but Boone Memorial Hospital was subsequently dismissed from this action.

the defendants communicated directly with the plaintiff regarding her husband's debt while she was represented by counsel. The defendants subsequently removed the case to this court.

On May 21, 2012, defendant West made an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. West offered the plaintiff the maximum amount of statutory penalties available under the WVCCPA, plus attorneys' fees and costs. No recovery was offered for the plaintiff's claim for actual damages under the WVCCPA or for her other state law claims. The Rule 68 offer also failed to address the class claims. The plaintiff moved to strike the offer of judgment [Docket 15]. In its response, defendant West argued that the Rule 68 offer provided the plaintiff complete relief on her individual claims, and therefore the putative class action was moot. In the court's July 20, 2012 Memorandum Opinion and Order [Docket 21], I denied the plaintiff's motion to strike. I also found that the case was not moot because the offer failed to provide complete relief on the plaintiff's individual claims, but declined to address whether the putative class action would be moot if the offer did provide complete relief.

Now, the question that I declined to address previously has been raised again by defendant West in the instant motion to dismiss. In addition, defendant West has also filed a motion to stay this court's decision on its motion to dismiss, arguing that the United States Supreme Court has granted certiorari in a case that will affect this court's ruling on that motion. *See Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189 (3d Cir. 2011), *cert. granted*, 80 U.S.L.W. 3512 (U.S. June 25, 2012) (No. 11-1059).

## II. The Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction

The sole legal issue involved in the instant motion to dismiss is whether the defendant's Rule 68 offer of judgment for complete relief to the named plaintiff, before a motion for class certification has been filed, has the effect of rendering the putative class action against the

defendant moot.[3] I **HOLD** today that such a case is not moot because if the named plaintiff has an interest in obtaining a final decision on the issue of class certification, as the Supreme Court has held, then such an interest would exist when the class complaint is filed.

The defendant argues that the plaintiff's case is moot because the defendant made an offer of judgment that satisfies the plaintiff's entire demand. (Mem. of Law in Supp. of Mot. to Dismiss for Lack of Subject Matter Jurisdiction [Docket 25], at 9). The plaintiff argues in response that an offer of judgment prior to the plaintiff moving for class certification does not moot the putative class action, as long as the motion for class certification is ultimately timely filed. (Pl.'s Resp. in Opp'n to West's Mot. to Dismiss [Docket 31], at 3).

Neither the United States Supreme Court nor the Fourth Circuit has issued any opinion directly addressing this particular scenario. Based on the applicable Supreme Court guidance, however, I believe that an offer of judgment under Federal Rule of Civil Procedure 68 that affords a named plaintiff in a putative class action complete relief and is made prior to a motion for class certification does not moot the putative class action. Accordingly, the defendant's motion to dismiss is **DENIED**.

        **A.**      **Legal Standard – Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A motion to dismiss for lack of subject matter jurisdiction can be raised in two ways— upon the face of the complaint or upon the validity of the facts stated therein. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In cases where the moving party contends "that a complaint

---

[3] As noted above, this issue has previously been raised and briefed in the plaintiff's Motion to Strike Defendant West Asset Management, Inc.'s Offer of Judgment [Docket 15]. I did not reach this issue at that time because I found that the defendant's offer failed to provide the plaintiff with complete relief. However, the plaintiff has stipulated that she is not pursuing physical or emotional distress damages, and has not claimed or provided any other alleged actual damages. Additionally, the plaintiff does not argue this time that the defendant's offer fails to satisfy the plaintiff's entire demand or provides all the relief that the plaintiff is entitled to under law. Therefore, I **FIND** that the relief offered by the defendant is complete, and address only the issue of whether an offer of complete relief moots a putative class action when it is made prior to the filing of a motion for class certification.

simply fails to allege facts upon which subject matter jurisdiction can be based. . . . the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.*

In cases where the validity of the facts is being challenged, the burden falls on the party asserting jurisdiction to prove subject matter jurisdiction. *Id.* The district court applies the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The moving party should prevail only if the material jurisdictional facts are not in dispute, and the moving party is entitled to prevail as a matter of law. *Id.*

Here, the material facts are not in dispute, and the only question is whether the defendant is entitled to prevail as a matter of law.

### B. Rule 68 Offers of Judgment and Mootness in the Context of Class Actions – Supreme Court Guidance

The defendant's argument is based on the doctrine of mootness—whether there is still a live case or controversy before the court. Article III of the Constitution limits the court's jurisdiction to "actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988). The United States Supreme Court has described the mootness doctrine as "standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980) (internal quotation marks omitted). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011).

Federal Rule of Civil Procedure 68 provides: "At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." FED. R. CIV. P. 68(a). If the offer of judgment satisfies the plaintiff's entire demand or includes all the relief to which the plaintiff is legally entitled, it generally moots the case regardless of whether the plaintiff accepts because there is no further dispute over which to litigate. *See* 13B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 3533.2 (3d ed.) ("Even when one party wishes to persist to judgment, an offer to accord all of the relief demanded may moot the case. . . . . an offer to settle for all the relief the plaintiff might win by judgment may moot the action."); *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986) (finding no case or controversy after defendants offered judgment).

However, this is not true when a class has already been certified in a class action. *See generally* WRIGHT & MILLER, *supra*, §§ 1785.1, 3533.9.1. In both *Sosna v. Iowa*, 419 U.S. 393 (1975) and *Gerstein v. Pugh*, 420 U.S. 103 (1975), the Supreme Court held that after a class has been certified, mooting the named plaintiffs' claims would not moot the class action because the class members still have a case or controversy. According to the Court, class certification affects the mootness determination because "the class of unnamed persons described in the certification acquire[s] a legal status separate from the interest asserted by [the named plaintiff]." *Sosna*, 419 U.S. at 399. Therefore, after a class is certified, even if the controversy may no longer be live for the named plaintiff, "it remains very much alive for the class of persons she has been certified to represent." *Id.* at 401.

The Court further extended the holdings of *Sosna* and *Gerstein* in 1980, finding that the named plaintiff has an interest in obtaining a final decision on the issue of class certification

6

separate from the claim on the merits. In *Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper*, the Court held that when the defendant makes a Rule 68 offer to the named plaintiffs after the district court denies class certification, the offer does not moot the named plaintiff's appeal of the denial of class certification. 445 U.S. 326, 332-33, 340. Similarly, the Court held in *Geraghty* that an appeal of the district court's denial of class certification was not rendered moot even though the named plaintiff's individual claim was rendered moot while the appeal was pending, because the issue of class certification was separate from the named plaintiff's individual claim on the merits. 445 U.S. at 404.

Here, the analysis is complicated by the fact that the plaintiff brought a class action complaint but had not moved to certify the class at the time the defendant made its offer of judgment. The relevant Supreme Court precedent is not directly on point; *Sosna* and *Gerstein* dealt with situations where a class had already been certified, while *Roper* and *Geraghty* dealt with situations where the motion for class certification had already been denied. However, the Court anticipated this possibility in *Sosna* and provided some guidance:

> There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to 'relate back' to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review.

419 U.S. at 402 n.11. Courts of appeals have extended the holdings of these cases to situations where a motion for class certification is pending before the district court when the offer of judgment is made. *See Lusardi v. Xerox Corp.*, 975 F.2d 964, 975 (3d Cir. 1992); *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1050-51 (5th Cir. 1981); *Susman v. Lincoln Am. Corp.*, 587 F.2d 866, 870-71 (7th Cir. 1978). Finally, as discussed below, several courts of appeals have further extended these holdings to situations where the named plaintiff's individual

claim is mooted before a motion for class certification is filed.

To summarize, there are four different time frames at which courts have discussed Rule 68 offers in Rule 23 class actions. First, where the district court has already certified a class, mooting the named plaintiff's claim will not moot the class action, as the class now has a legal status separate from the named plaintiff. *See Sosna*, 419 U.S. at 399; *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1090 (9th Cir. 2011). Second, if the district court has denied class certification, mooting the named plaintiff's claim will not moot the class action, as the named plaintiff still retains an interest in obtaining a final decision on the issue of class certification. *See Roper*, 445 U.S. at 336; *Geraghty*, 445 U.S. at 404; *Pitts*, 653 F.3d at 1090. Similarly, if a motion for class certification is currently pending before the district court when the named plaintiff's claim is mooted, there is still an ongoing case or controversy on the issue of class certification. *See Lusardi*, 975 F.2d at 975; *Zeidman*, 651 F.2d at 1050-51; *Susman*, 587 F.2d at 870-71. Finally, as discussed *infra*, courts have discussed the scenario where there is no motion for class certification pending before the district court when the named plaintiff's claim is mooted.

  C.  **Circuit Split on the Issue of Whether a Rule 68 Offer Prior to a Motion for Class Certification Moots the Putative Class Action**

Since the last Supreme Court guidance on this issue in 1980, several courts of appeals have considered whether an offer of complete relief under Rule 68 made to named plaintiffs, prior to a motion for class certification, moots the putative class action. Three courts of appeals have held that it does not. *See Pitts*, 653 F.3d at 1090-91; *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1250 (10th Cir. 2011); *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004). The Fifth Circuit has held the same in the context of FLSA collective actions. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920-21 (5th Cir. 2008).[4] These courts have held

---

[4]   FLSA collective actions differ from class actions, in part, because collective actions are "opt-in"

8

that class certification would be appropriately related back to the filing of the class complaint or that any interest in class certification is present at the filing of the class complaint. Several of these decisions address the Supreme Court's concern that defendants may "buy off" the small individual claims of the named plaintiffs.[5] Thus, the Ninth Circuit has also held that such "buy off" tactics would cause claims which are "acutely susceptible to mootness" to be so transitory as to evade review, and therefore the claims would not be mooted. *Pitts*, 653 F.3d at 1091 (internal quotation marks omitted) ("The end result is the same: a claim transitory by its very nature and one transitory by virtue of the defendant's litigation strategy share the reality that both claims would evade review."); *see also Weiss*, 385 F.3d at 347.

The Seventh Circuit has recognized these decisions, but disagreed with their conclusions, finding that "[c]lass-action plaintiffs can move to certify the class at the same time that they file their complaint," and "[t]he pendency of that motion protects a putative class from attempts to buy off the named plaintiffs." *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011). In doing so, the Seventh Circuit continued to follow prior circuit precedent on this question. *Holstein v. City of Chicago*, 29 F.3d 1145, 1147-48 (7th Cir. 1994); *Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999); *Gates v. City of Chicago*, 623 F.3d 389, 412-13 (7th Cir. 2010).

---

while class actions are "opt-out." In other words, resolution of a class action binds any member of the certified class unless he or she opted out, while resolution of a FLSA collective action does not bind similarly-situated employees unless he or she opted in. *See Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 197-98 (3d Cir. 2011), *cert. granted*, 80 U.S.L.W. 3512 (U.S. June 25, 2012) (No. 11-1059). In *Symczyk*, the Third Circuit discussed the holding in *Weiss* regarding Rule 23. The court then discussed the issue of whether a Rule 68 offer moots a collective action prior to the plaintiff moving for conditional certification and when no other potential plaintiff has opted in to the suit. *Id.* at 197. Ultimately, it held that the relation back doctrine applies in collective actions under the FLSA as well as class actions under Rule 23. *Id.* at 200-01.

[5]      In *Roper*, the Court expressed the possibility that defendants would seek to "buy off" the individual claims of named plaintiffs before a ruling on class certification, which "obviously would frustrate the objectives of class actions." *Roper*, 445 U.S. at 339.

The Fourth Circuit has not directly reached this issue. In *Zimmerman*, the Fourth Circuit affirmed the district court's dismissal of a plaintiff's individual claims after the defendants offered complete judgment, but class certification had already been denied by the district court and the Fourth Circuit affirmed the denial of class certification on appeal. *Zimmerman*, 800 F.2d at 390. The only other case in the Fourth Circuit discussing similar issues is *Simmons*, which involved a putative FLSA collective action claim. However, the *Simmons* court explicitly declined to reach the issue of whether an offer of complete relief moots a collective action, because it found that the offer at issue was not complete. *Simmons*, 634 F.3d at 767 n.9.[6]

D.   Analysis

I disagree with much of the courts of appeals' rationales for holding that a defendant's complete offer of judgment to a named plaintiff in a putative class action prior to a motion for class certification does not moot the putative class action where the motion for class certification can still be filed without undue delay. For example, I disagree that a defendant's attempt to "buy off" individual claims of named plaintiffs creates a transitory claim sufficient to fall within the "capable of repetition, yet evading review" exception to mootness, and therefore disagree with the relation back doctrine used by several courts of appeals. *See, e.g.*, *Pitts*, 653 F.3d at 1090-91.

---

[6]   The defendant asserts that "while there may be valid policy arguments for not applying Rule 68 in the class context, there is little authority for such an exception." (Mem. of Law in Supp. of Mot. to Dismiss for Lack of Subject Matter Jurisdiction [Docket 25], at 10) (citing 13 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 3001.1 (3d ed.)).

The policy argument surrounding the application of Rule 68 to class actions is this: a dismissal or settlement of a class action requires court approval, while a Rule 68 offer is essentially a settlement offer that can also render a case moot without court approval. Although some courts have found otherwise, Rule 68 itself applies in class actions and a defendant may serve an offer of judgment on a plaintiff. However, Rule 68 does not speak to whether such an offer of judgment under the rule moots an action, much less a class action. Therefore, the mere applicability of Rule 68 to the class action context does not suggest that an offer of judgment under the rule moots the class action.

The treatise cited by the defendant later addresses the precise issue in this case: "Indeed, it has even been held that a defendant can moot a proposed class action by making a Rule 68 offer to the named plaintiff, but the predominant rule among district courts has been to the contrary." WRIGHT & MILLER, *supra*, § 3001.1.

I also disagree that the putative class members have a case or controversy before the class is certified. *See, e.g.*, *Lucero*, 639 F.3d at 1250. Nonetheless, because according to the Supreme Court, the named plaintiff has an interest in obtaining a final decision on class certification separate and distinct from his or her interest in obtaining a final decision on the merits of his or her claim, I **HOLD** today that a defendant's complete offer of judgment to a named plaintiff in a putative class action prior to a motion for class certification does not moot the putative class action, as long as the motion for class certification is ultimately filed without undue delay.[7]

To be clear, the issue before the court is whether there is a case or controversy since the defendant has made a full offer of judgment to the plaintiff and thereby mooted her individual claims. Accordingly, it is crucial to identify what the case or controversy is before the court. In doing so, I must make a distinction between whether the *class members* have a case or controversy and whether the *named plaintiff* has a case or controversy. Prior to class certification, the class members are not parties to the action, and therefore do not have a case or controversy before the court. *See Med-Surg Group, Inc. v. Aetna Health Mgmt., Inc.*, 832 F. Supp. 2d 659, 663 (S.D. W. Va. 2011); *Devlin v. Scardelletti*, 536 U.S. 1, 16 n.1 (2002) (Scalia, J., dissenting) ("Not even petitioner, however, is willing to advance the novel and surely erroneous argument that a nonnamed class member is a party to the class action litigation *before the class is certified*.") (emphasis in original). Only upon class certification do the class members

---

[7] Many districts have adopted local rules governing the time period within which a named plaintiff must file a motion for class certification, with ninety days from the filing of the class complaint being the most common. *See, e.g.*, M.D.N.C. Civ. R. 23.1(b) ("Within 90 days after the filing of a complaint in a class action, unless this period is extended by court order, the plaintiff shall file a separate motion for a determine under Rule 23(c)(1), Fed.R.Civ.P., as to whether the case may be maintained as a class action."); N.D. Ga. Civ. R. 23.1(B) (90 days); C.D. Cal. R. 23-3 (90 days).

The Southern District of West Virginia does not have a similar Local Rule, but is bound by Federal Rule of Civil Procedure 23(c) to determine "[a]t an early practicable time after a person sues or is sued as a class representative . . . whether to certify the action as a class action." FED. R. CIV. P. 23(c)(1)(A). Essentially, if the named plaintiff fails to file a timely motion for class certification, he or she no longer has a case or controversy on the issue of class certification.

become parties to the action and have an Article III case or controversy.

If I were writing on a blank slate, I would also find that any interest that a named plaintiff has in class certification is insufficient to constitute a case or controversy under Article III. The United States Supreme Court has held, however, that a named plaintiff has an interest in representing the purported class sufficient to maintain jurisdiction, even if the named plaintiffs' claim on the merits is mooted. According to the Supreme Court, a named plaintiff's "*individual interest in the litigation—as distinguished from whatever may be their representative responsibilities to the putative class—is sufficient to permit their appeal of the adverse certification ruling.*" *Roper*, 445 U.S. at 340 (emphasis in original). Even where class certification is denied, "[t]he proposed representative retains a 'personal stake' in obtaining class certification sufficient to assure that Art. III values are not undermined." *Geraghty*, 445 U.S. at 404. The Court's underlying rationale for its holdings is that the interests in judicial efficiency that class action proceedings offer is sufficiently strong to warrant a finding that the issue of class certification is a case or controversy in and of itself for a court to maintain jurisdiction over a class complaint, even if the named plaintiff's individual claim on the merits is mooted. *See Roper*, 445 U.S. at 349-40.

Because the named plaintiff has a case or controversy before the court on the issue of class certification, separate and distinct from his or her case or controversy on the merits, I can discern no difference between situations where the district court denies a motion for class certification, where the motion is still pending, or where no motion has been but may still be timely filed. Any interest the named plaintiff has on the issue of class certification necessarily attaches upon the filing of the class complaint. Accordingly, mooting the named plaintiff's claims on the merits would not moot the issue of class certification, regardless of whether a

denial of the motion is being appealed, whether the motion is pending, or whether the motion has even been filed, as long as the motion can still be timely filed.

My holding today is therefore consistent with Supreme Court precedent in *Roper* and *Geraghty*. Although I disagree with some of the various rationales given by the various courts of appeals, as discussed above, my ultimate holding is also consistent with the majority of the courts of appeals that have reached this issue. *Compare Pitts*, 653 F.3d 1081 (finding plaintiff's claim not mooted); *Lucero*, 639 F.3d 1239 (same); *Weiss*, 385 F.3d 337 (same) *with Damasco*, 662 F.3d 891 (finding plaintiff's claim mooted). Accordingly, the defendant's motion to dismiss is **DENIED**.

### III. The Defendant's Motion to Stay

The defendant has also filed a motion to stay, arguing that the United States Supreme Court has granted certiorari in a case that will affect this court's ruling of its motion to dismiss. *See Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189 (3d Cir. 2011), *cert. granted*, 80 U.S.L.W. 3512 (U.S. June 25, 2012) (No. 11-1059). Oral argument in *Symczyk* was held on December 2, 2012. As discussed below, I **FIND** that the *Landis* factors do not weigh in favor of a stay. Accordingly, the defendant's motion to stay is **DENIED**.

#### A. Legal Standard – Motion to Stay

The decision whether to grant a stay is discretionary, and within the inherent power of the court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). A district court ordinarily has discretion to delay proceedings when a higher court will issue a decision that may affect the outcome of the pending case. *See Kelley v. Metro. Cnty. Bd. of Educ.*, 436 F.2d 856, 863 (6th Cir. 1970) (Celebrezze, J., concurring in part and dissenting in

part); *Hickey v. Baxter*, 833 F.2d 1005 (4th Cir. 1987) (unpublished table decision) (affirming district court's order staying proceedings pending Supreme Court resolution of relevant issues).

However, proper use of this discretion "calls for the exercise of judgment which must weigh competing interests and maintain an even balance. The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). In other words, the court should consider whether the movant has demonstrated "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay" will harm someone else. *Id.* (quoting *Landis*, 299 U.S. at 255). Thus, this court has identified three factors to consider in determining whether to grant a motion to stay: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party."[8] *Tolley v. Monsanto Co.*, 591 F. Supp. 2d 837, 844 (S.D. W. Va. 2008) (quoting *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001)).

**B. Discussion**

The first factor that I consider is the interests of judicial economy. On that front, little is gained by granting a stay in this case. Discovery closes at the end of this month, while a hearing on summary judgment motions is scheduled for April of this year, and the trial is scheduled for late June of this year. Moreover, while it is possible that the Supreme Court's ruling in *Symczyk* may affect this court's holding on the issues raised in the defendant's motion to dismiss, there is a stronger likelihood that the Supreme Court's ruling will not affect this court's holding. *Symczyk* is a FLSA collective action case. As mentioned *supra*, note 4, FLSA collective action cases and

---

[8] I refer to these factors as the *Landis* factors because they were drawn from the Supreme Court's decision in *Landis*.

Rule 23 class actions differ in ways that may affect the Supreme Court's rulings in the case. While the Third and Fifth Circuits have both extended their holdings to the collective action context, they have both also recognized the differences between the two types of actions. *See Symczyk*, 656 F.3d at 197-200; *Sandoz*, 553 F.3d at 919. The Tenth Circuit, in determining the effect of a Rule 68 offer of judgment on Rule 23 class actions, has explicitly declined to decide whether such an offer similarly affects collective actions. *Lucero*, 639 F.3d at 1250. In fact, one of the arguments set forth by the petitioners in *Symczyk* is exactly that "important differences between Rule 23 and the FLSA undermine the plausibility of extending *Roper* and *Geraghty* to FLSA cases like this one. . . . the action under Section 216(b)[] is quite unlike a Rule 23 class action." Br. for Pet'rs at 26, *Genesis HealthCare Corp. v. Symczyk*, No. 11-1059, 2012 WL 3803437 (Aug. 30, 2012).

For the Supreme Court's rulings to affect this court's holding today, the Supreme Court would have to find that (1) class actions under Rule 23 and collective actions under the FLSA are sufficiently similar for the application of Rule 68 offers of judgment, and (2) Rule 68 offers of judgment for complete relief moots both Rule 23 class actions and FLSA collective actions. If the Supreme Court narrows its holding only to FLSA collective actions, then this court's holding regarding Rule 23 class actions would not change even if the Court finds that collective actions are mooted by an offer of complete judgment, as class actions are distinguishable from collective actions. And obviously, if the Supreme Court holds that a Rule 68 offer of judgment for complete relief does not moot either Rule 23 class actions or FLSA collective actions, then this court's holding would not change.

Second, as noted previously, the burden is on the party moving for a stay to show, by "clear and convincing circumstances outweighing potential harm to the party against whom it is

operative." *Williford*, 715 F.2d at 127. The defendant's only justification is that it has and will continue to incur litigation expenses. On the other hand, the plaintiffs and members of the putative class will suffer a delay of potentially over a year while this case is stayed pending the Supreme Court's decision, which may very likely not affect this court's holding on the motion to dismiss. In short, the defendant has failed to make a "clear case of hardship or inequity" as required by *Landis* and *Williford*. Accordingly, the defendant's Motion to Stay [Docket 26] is **DENIED**.

### IV. Conclusion

As discussed above, this court **HOLDS** today that an offer of judgment under Federal Rule of Civil Procedure 68 that affords a named plaintiff in a putative class action complete relief and is made prior to a motion for class certification does not moot the putative class action, as long as the motion for class certification is ultimately timely filed. Accordingly, the defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Docket 24] is **DENIED**. Moreover, because the court **FINDS** that the factors set forth in *Landis v. North Am. Co.*, 299 U.S. 248 (1936) does not weigh in favor of granting a stay, the defendant's Motion to Stay [Docket 26] is also **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party. The court further **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.

ENTER: January 15, 2013

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE